UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCEL FORD,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>UNKNOWN, et al.,<br><br>　　　　　　　Defendants. | Case No. CV 21-0088-DMG (MAR)<br><br>**ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE** |

　　　　Pursuant to 28 U.S.C. § 636, the Court has reviewed the Complaint, the relevant records on file, and the Report and Recommendation of the United States Magistrate Judge. The Court has engaged in *de novo* review of those portions of the Report to which Plaintiff Marcel Ford has objected.

　　　　The Report recommends the denial of Ford's Motions for Summary Judgment and the grant of Defendants' Motion for Summary Judgment. For the following reasons, Ford's objections to the Report do not warrant a change to the Magistrate Judge's findings or recommendations.

　　　　Ford objects that the grievance he filed on September 29, 2020, which preceded his being attacked by other inmates, was not accurately characterized. [Doc. # 205 at 2.] Specifically, Ford objects that it is "100% not true" that his grievance alleged he "observed" the staff distributing or "selling" drugs throughout the prison. *Id*. at 2, 5. To the contrary, the Report accurately characterized the grievance. In his grievance, which Ford entitled "Staff's distribution[s] of hard drugs," Ford alleged, "I have noticed in this building . . . an extre[me] amount of drug movement

selling pushing [and] a lot of use." [Doc. # 128 at 2.] The Report therefore accurately describes the grievance as alleging Ford had "observed the staff distributing drugs throughout CCI-Tehachapi." [Doc. # 203 at 16.]

Ford objects that he should receive some compensation for Defendant M. Negrete's "negligence" when he shot Ford twice with sponge rounds while Ford was being attacked by other inmates. [Doc. # 205 at 4, 6.] As the Report found, however, Ford admitted he "was focused on defending himself and did not see what Negrete was doing." [Doc. # 203 at 25.] Ford therefore failed to undermine the Report's finding that he submitted "no evidence to support his conclusory allegation that Defendant Negrete acted with malicious and sadistic intent to cause harm." *Id.* at 25.

Ford seeks to introduce "more evidence to this Court." [Doc. # 205 at 5.] A district court is not required to consider facts presented for the first time in objections to a Report and Recommendation. *See United States v. Howell*, 231 F.3d 615, 623 (9th Cir. 2000). Even if the evidence were to be considered, however, it would not warrant a change to the Report's findings and recommendation. The evidence consists of medical treatment records for an injury to Ford's left hand with a rubber bullet. [Doc. # 205 at at 8–14.] This evidence does not undermine the Report's finding that, even if Negrete did shoot Ford, the evidence of the shooting nonetheless "failed to raise a genuine dispute as to whether Negrete acted with malicious or sadistic intent." *Id.* at 26 n.5.

Ford requests the right to subpoena the physicians who treated his left hand. [Doc. # 205 at 6.] But the deadline for completion of discovery has elapsed. [Doc. # 143 at 1–2.] Moreover, Ford has not established the relevance of the subpoenas, which "is the essential predicate for all discovery." *Sepulveda v. City of Whittier*, 2022 WL 20804352, at *4 (C.D. Cal. Feb. 16, 2022) (citing cases). Ford has not suggested how the physicians could produce any facts that would be relevant to the issue of whether Defendant Negrete acted with malicious or sadistic intent.

Finally, Ford moves for the appointment of counsel. There is no constitutional right to appointed counsel in this action. *See Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).

In "exceptional circumstances," however, a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C. § 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (internal citation and quotation marks omitted), *overruled on other grounds*, 154 F.3d 952 (9th Cir. 1998). To decide whether exceptional circumstances exist, the Court must evaluate both "the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (internal citation and quotation marks omitted). Ford's objections and underlying claims lack merit for the reasons addressed more fulsomely above and in the Report. Nor is he so unable to articulate his claims *pro se* as to justify appointment of counsel. In short, Ford does not show exceptional circumstances that justify the appointment of counsel.

The Court accepts the findings and recommendation of the Magistrate Judge.

**IT IS THEREFORE ORDERED** that Ford's Motions for Summary Judgment [Doc. ## 125, 133, 161] are **DENIED**, Defendants' Motion for Summary Judgment [Doc. # 184] is **GRANTED**, and Ford's Motion for Appointment of Counsel [Doc. # 204] is **DENIED**. Ford's Requests for Interrogatories and Admissions [Doc. ## 190, 191] are **DENIED** as moot.

DATED: April 29, 2024

_____
DOLLY M. GEE
Chief United States District Judge

3